## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN

**FOULK CONSULTING SERVICES INC,**

    **Plaintiff,**

                                                       **Case No. 3:20-cv-11446**

**v.**

                                                       **Hon. Robert H. Cleland**

**BLAZEMETER, INC., CA, INC., and
BROADCOM, INC.,**

    **Defendants.**

## STIPULATED PROTECTIVE ORDER

Plaintiff Foulk Consulting Services, Inc. ("Plaintiff" or "Foulk") and Defendants BlazeMeter, Inc., CA, Inc., and Broadcom, Inc. ("Defendants") (individually, a "Party", or collectively, "the Parties"), hereby stipulate to the entry hereof, and the Court being otherwise fully advised in the premises;

It is hereby ordered as follows:

1.    For purposes of this action. "Confidential Information" means information, documents, or things that any party providing discovery, including persons or entities who are not parties to this lawsuit (a "Producing Party"), reasonably believes to contain information that is confidential or proprietary to that party, including a Producing Party's internal business communications.

2.    "Confidential Source Code" shall mean source code and object code including application programming interfaces, source files, make files, intermediate

1

output files, executable files, header files, resource files, library files, module definition files, map files, object files, linker files, browse information files, and debug files. To the extent that Confidential Source Code may be sought and/or made available for inspection during discovery, the Parties agree that a separate order will be forthcoming that governs and sets forth procedures and confidentiality designation for review of such Confidential Source Code. The Parties also understand that due to conditions as a result of the current COVID-19 global pandemic, such separate order may include temporary measures for some period of time.

3.     Any documents and things, answers to interrogatories, answers to deposition questions, responses to requests for admissions, or any other materials or portions thereof containing Confidential Information and produced in discovery in this action by any Producing Party, may be designated and marked by the Producing Party as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446", in the manner set forth below. Any material that is so marked, together with any copies, abstracts, summaries, or information derived therefrom, and any notes or other records regarding the contents thereof, shall be referred to in this Protective Order and in this action as "Confidential Material".

4.     All documents deemed by the Producing Party to be subject to this Protective Order shall be visibly marked as "CONFIDENTIAL PURSUANT TO

PROTECTIVE ORDER, CASE NO. 3:20-cv-11446" at the time of production or disclosure to be subject to this Protective Order. The designation of a multi-page document as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446" on the first page only shall be sufficient to make the entire document subject to that designation. If such is not the intent of the Producing Party, only those pages deemed in good faith to be subject to such designation shall be so marked. Notwithstanding the provisions of this paragraph, documents designated as having Confidential Information may be disclosed to any person indicated on the face of the document to be its originator or author, or a recipient of a copy thereof.

5.     Confidential Information, including documents designated as "CONFIDENTIAL PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446" under this Protective Order, may only be disclosed by the Parties to the following persons:

    a. The Parties to this litigation, including their current officers and employees;

    b. Current or former officers, employees, and/or agents of Defendants to whom Plaintiff claims to have already disclosed or provided such information or documents, provided however, that disclosure pursuant to this section shall be determined on a document-by-document basis and Defendants shall meet and confer with Plaintiff on any such document prior to disclosure to confirm that Plaintiff claims to have already disclosed or provided such information or documents to specific current or former officers, employees, and/or agents of Defendants;

c. Counsel for the Parties, including employees of that counsel's firm who are engaged in the conduct of the litigation of this case, including any appeal or alternative dispute resolution procedures;

d. The Court and persons employed by the Court;

e. Case evaluators, mediators, arbitrators, and/or facilitators;

f. Court reporters, recorders, and videographers;

g. Outside vendors hired for the limited purpose(s) of making photocopies of documents, exhibits, enlargements, and/or the operation of video recording equipment;

h. Any person called as a deponent or witness at any deposition, hearing (including alternative dispute resolution hearings), or trial in this matter;

i. Any person designated by the Court upon such terms as may be determined by the Court;

j. Consultants, investigators, and experts, including staff supporting such persons (hereinafter collectively referred to as "experts") employed or retained by a Party or counsel for a Party to assist in the preparation and conduct of this case, only if such expert first agrees to be bound by this Protective Order as set forth in Paragraph 7 below and the procedures in Paragraph 13 below are followed;

k. Any other person to whom the Parties agree in writing.

6.     Nothing in this Protective Order shall impose any restriction on the use or disclosure by any person of Confidential Information obtained by the person independent of proceedings in the litigation, whether or not said Confidential Information is also obtained during proceedings in the litigation. This provision shall not act as a waiver of any Party's right to make an application to the Court to further limit disclosure of any Confidential Information.

7.     All persons to whom disclosure of Confidential Information or Material is made under this Protective Order, other than those designated in paragraphs 5(c)–(g), shall be given a copy of this Protective Order before the time of disclosure and shall sign the form attached hereto as Exhibit "A" indicating that they have read this Protective Order and agree to be bound by its terms. Signed forms by individuals designated in paragraphs 5(a), (b), and (h)–(k) must be provided to Counsel for the Parties at least within two (2) weeks of when signed.

8.     In addition to the protections afforded Confidential Information under this Protective Order, a Producing Party may designate any Confidential Information which it further reasonably believes contains the Producing Party's substantive information revealing research/development work or technical, customer, or financial information, as "ATTORNEYS' EYES ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446" or may designate sections of deposition transcripts or answers to interrogatories that contain such information as "ATTORNEYS' EYES ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446".

9.     In the case of voluminous documents, the Producing Party may designate documents by identifying ranges of numbered documents that are either "CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446" or "ATTORNEYS' EYES ONLY INFORMATION

PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446".

If a document or deposition transcript containing either designation is filed with the Court, it shall be filed with the Clerk of the Court in a sealed envelope marked with the caption of the case, a schedule of the contents of the envelope, and the following notation:

**"Contains CONFIDENTIAL INFORMATION PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446: To Be Opened Only As Directed By The Court"**

10.     Should a need arise during the trial or any hearing before the Court for any of the Parties to cause designated documentation to be disclosed in open court, it may do so only upon stipulation of the Producing Party or after the Producing Party is given reasonable notice of such intended disclosure and is given a reasonable opportunity to seek safeguards from the Court.

11.     Information designated as ATTORNEYS' EYES ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446 shall be subject to all of the restrictions, limitations and conditions pertaining to Confidential Information, and in addition, information designated as Attorneys' Eyes Only Information shall be viewed only by the Parties' outside Counsel, their expert witnesses and expert consultants retained by Counsel who have executed an original of the Undertaking in the form attached as Exhibit A and the procedures in Paragraph 13 have been followed; current or former officers, employees, and/or

6

agents of Defendants to whom Plaintiff claims to have already disclosed or provided such information or documents; and Court Reporters required to transcribe designated testimony. Any deposition testimony or exhibits that are designated as Attorneys' Eyes Only Information should be separately transcribed, sealed and marked as "ATTORNEYS' EYES ONLY INFORMATION PURSUANT TO PROTECTIVE ORDER, CASE NO. 3:20-cv-11446". Provided however, that disclosure to current or former officers, employees, and/or agents of Defendants to whom Plaintiff claims to have already disclosed or provided such information or documents shall be determined on a document-by-document basis and Defendants shall meet and confer with Plaintiff on any such document prior to disclosure to confirm that Plaintiff claims to have already disclosed or provided such information or documents to specific current or former officers, employees, and/or agents of Defendants.

12.    All Confidential Information and Attorneys' Eyes Only Information shall be handled in the manner set forth in this Protective Order and shall not be used for any business purpose, or any purpose other than the prosecution, defense, or settlement of this action, unless and until such designation is removed by the Producing Party or by order of this Court. This obligation shall survive the termination or settlement of these proceedings and shall continue after this Court ceases exercising jurisdiction over the Parties.

13.   Any person who shall be subject to the requirement of executing an Undertaking in the form attached as Exhibit A to this Protective Order and executes such Undertaking shall not have access to Confidential Information or Attorneys' Eyes Only Information until after compliance with the procedures in this paragraph. Any Party seeking to make disclosure to such person shall serve written notice of intent to disclose upon, and provide the name and employer of such person (and, if an expert, the curriculum vitae of such person) to: (a) the Party, Parties or non-Parties that produced the Confidential Information  or Attorneys' Eyes Only Information, (b) the Party or Parties that designated third-party produced information as Confidential Information or Attorneys' Eyes Only Information, and (c) each other Party. Each Party or non-Party shall have three (3) business days from the date of service of a notice of intent to disclose, or six (6) business days where service is by mail, to object to disclosure of Confidential Information or Attorneys' Eyes Only Information to any such person. Such objection must be for good cause, stating with particularity the reasons for the objection, and must be in writing served on all Parties. Failure to make such an objection within the period provided herein shall constitute approval. If the Parties are unable to resolve their objections, the Party seeking to make the disclosure must, within five (5) business days after making its objection, apply to the Court to resolve the matter, or the disclosure may proceed. No disclosure of the material or information in question shall be made until the

Parties resolve the timely objections, or a ruling is made by the Court.

14.    If any Confidential Information is summarized, discussed, or quoted at any deposition, all persons other than those to whom disclosure is permitted hereunder may be excluded from such portion of the deposition at the request of the Producing Party.

15.    Except as provided in paragraph 5 herein, counsel for the Parties shall keep all Confidential Information and documents which are received under this Protective Order secure within their exclusive possession and shall place such documents in a secure area. Counsel shall endeavor to collect all confidential documents from those persons who were provided copies of said documents after said persons' involvement in the litigation of this matter are concluded.

16.    Neither the taking of any action in accordance with the provisions of this Protective Order, nor the failure to object thereto, shall be construed as a waiver of any claim or defense in this action. Moreover, the failure to designate information in accordance with this Protective Order and the failure to object to a designation at a given time shall not preclude the later designation of such. The entry of this Protective Order shall not be construed as a waiver of any right to object to the disclosure of information in response to discovery, and shall not relieve any party of the obligation of producing information in the course of discovery.

17.     Nothing contained in this Protective Order is intended to require the production of non-relevant or privileged documents or to prevent a party from withholding production on those grounds. This Protective Order is without prejudice to the right of any Party to bring a motion for a separate protective order as to any document or information seeking protections which differ or are greater than those specified herein.

18.     If any information or documents are disclosed to any person other than in the manner authorized by this Protective Order, the Party responsible for disclosure must immediately bring all pertinent facts relating to such disclosure to the attention of the Producing Party and, without prejudice to other rights and remedies of the Producing Party, make every effort to prevent further disclosure by it or by the person who was the recipient of such information.

19.     Regardless of the country where documents, information and/or communications were created, occurred and/or are maintained, the Parties agree that the full protections of United States privilege law apply to all aspects of this matter and any related matters. Counsel's outside support personnel, including translators, graphics personnel, trial consultants, document collection and review personnel, and the like, are included within counsel's privilege provisions.

20.     If a document or information inadvertently produced in discovery is subject to a claim of attorney-client privilege, work product, or other immunity

("Privileged Information"), the inadvertent production of that Privileged Information shall not be deemed to constitute a waiver of any applicable privilege or protections. Likewise, consistent with Federal Rule of Evidence 502(d), the inadvertent production of any privileged or work product documents or information is not a waiver in the pending case or in any other federal or state proceeding. For example, the inadvertent production of Privileged Information in this case as part of a production by a Party is not itself a waiver of any privilege or protection in this matter or any other federal or state proceeding. When a receiving Party identifies potentially Privileged Information that may have been inadvertently produced, it shall promptly notify the Producing Party. After the Producing Party receives such a notice, or if it discovers an inadvertent production on its own, the Producing Party shall promptly provide notice to any Party that received the Privileged Information that: (a) identifies the Privileged Information; (b) identifies the author(s) and recipient(s); (c) specifies the claimed privilege or protection; and (d) explains the basis for the claimed privilege or protection. After receiving such notice, the receiving Party shall (a) within seven (7) days, return or destroy the specified Privileged Information along with any copies it has of the document or information; (b) not use, review, or disclose the document or information until the claim is resolved; and (c) within seven (7) days, take reasonable steps to retrieve the document or information if the receiving Party disclosed it to others before being

notified and informed by the Producing Party. Such return or destruction shall not preclude the receiving Party from subsequently seeking to compel production of the Privileged Information. The Producing Party must preserve the document or information until the claim of privilege or protection is resolved.

21.    The    Parties    shall    exchange    privilege    logs    for    responsive communications that occurred prior to the filing of this lawsuit—there is no need to log responsive privileged or work product communications that occurred after the filing of this lawsuit. The privilege log shall identify the date; the author and recipients of the document (delineating between sender and receiver, and their capacity, title, or positions and roles, including attorneys); the document's purpose and subject matter, or summary of its contents, but an email's subject line is insufficient; and the nature of the protection asserted (if attorney–client privilege, the log must identify whether the communication sought or conveyed legal advice and if work-product doctrine, the log must summarize whether the document contains mental impressions, conclusions, opinions, or legal theories).

22.    This Protective Order does not provide prospectively for filing materials under seal, and any Party wishing to file materials under seal must first file a motion, memorandum, and proposed order, including findings in compliance with E.D. Mich. LR 5.3. Any material submitted to the Court under seal in connection with a motion or other filing within the purview of the above-captioned action shall

be done in accordance with E.D. Mich. LR 5.3. In addition to the requirements under E.D. Mich. LR 5.3, which are to be strictly followed, a protective order including a provision for filing a pleading, paper or exhibit, etc. under seal shall be subject to the following limitations: The entire pleading, paper, exhibit, etc. may not be filed under seal. Only the portion of the document(s) which is not to be publicly disclosed may be filed under seal. In such instances, the portion to be filed under seal requires an endorsement by the Court on a cover page. A party's presentment to the Court for the endorsement shall be accompanied by an explanation why the portion of the document(s) is confidential. *See, i.e., Rudd Equip. Co., Inc. v. John Deere Constr. & Forestry Co*., 834 F.3d 589 (6th Cir. 2016).

23.     Non-Parties to this litigation who receive subpoenas or other discovery requests that would require the disclosure of Confidential Information and/or Attorneys' Eyes Only Information may invoke the provisions of this Protective Order.

24.     Any Party may at any time move this Court for an order changing the designated status of Confidential Information and/or Attorneys' Eyes Only Information or otherwise relieving the Party from any restrictions contained in this Protective Order. That Party shall not make such a motion, however, until it requests in writing that the Producing Party change the designated status of Confidential Information and/or Attorneys' Eyes Only Information or Material or otherwise

relieve the requesting Party from any other restrictions contained in this Protective Order, and the Producing Party refuses to grant the requesting Party's request. The Producing Party's failure to respond to such a request within five (5) business days shall be deemed to be a refusal. Pending resolution of the motion, the involved item shall be treated in accordance with its designated status.

25.     Upon termination or settlement of this action, including all appeals, each Party shall, upon written request by the Producing Party, either (a) return to the Producing Party all Confidential Information and Attorneys' Eyes Only Information produced in discovery, including all copies, summaries, or abstracts not containing attorney work product or information covered by the attorney-client privilege, or (b) destroy, and certify such destruction in writing to the Producing Party, all Confidential Information and Attorneys' Eyes Only Information produced in discovery, including all copies, summaries, or abstracts not containing attorney work product or information covered by the attorney-client privilege; provided, however, that in either case, counsel for each Party may keep one or more archival copies of all pleadings or other documents filed with this Court (or any arbitrators, mediators, or facilitators) and one or more archival copies of any deposition transcripts or

exhibits that contain Confidential Information and/or Attorneys' Eyes Only

Information.


IT IS SO ORDERED.


Dated: March 3, 2021                    s/Robert H. Cleland
                                        Hon. Robert H. Cleland
                                        United States District Judge




APPROVED AS TO FORM AND CONTENT:


/s/ Eddie D. Woodworth                  /s/ Emily J. Tait (with consent)
Jeffrey D. Wilson (P56376)              Emily J. Tait (P74708)
Eddie D. Woodworth (P78705)             JONES DAY
Young Basile Hanlon & MacFarlane, P.C.  150 West Jefferson, Suite 2100
3001 W. Big Beaver Road, Suite 624      Detroit, MI 48226
Troy, MI 48084                          (313) 733-3939 / (313) 230-7997 Fax
(248) 649-3333 / (248) 649-3338 Fax     etait@jonesday.com
wilson@youngbasile.com                  Attorneys for Defendants
woodworth@youngbasile.com
Attorneys for Plaintiff
                                        Michael A. Oblon
William E. Wooten                       (D.C. Bar No. 459363)
(D.C. Bar No. 1,014,954)                JONES DAY
WEW IP LAW PLLC                         51 Louisiana Ave, N.W.
3209 13th Street NW, # 201              Washington, D.C. 20002
Washington, D.C. 20010                  (202) 879-3815 / (202) 626-1700 Fax
(202) 855-7106 / (202) 855-7348 Fax     moblon@jonesday.com
                                        Attorneys for Defendants

wew@wewiplaw.com
*Attorney for Plaintiff*

16

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**

**FOULK CONSULTING SERVICES INC,**

      **Plaintiff,**

                               **Case No. 3:20-cv-11446**

**v.**

                               **Hon. Robert H. Cleland**

**BLAZEMETER, INC., CA, INC., and**
**BROADCOM, INC.,**

      **Defendants.**

## <u>UNDERTAKING REGARDING CONFIDENTIALITY</u>

The undersigned individual hereby certifies that he/she has read the foregoing Stipulated Protective Order, understands the terms thereof, and agrees to be bound thereby personally if receiving Confidential Information or Material in the course of the above-captioned litigation.

The undersigned acknowledges that breach of the Stipulated Protective Order shall be actionable by any aggrieved party to the Action that is the subject of the foregoing Stipulated Protective Order, and that such breach shall subject the undersigned to any and all applicable legal and equitable remedies for enforcement for the Stipulated Protective Order and/or relief, including damages, for its breach.

Promptly upon termination of this action, I will return all Confidential Information or Material which came into my possession, and all documents or things

18

which I have prepared relating thereto, to counsel for the party supplying such Information to me.

I hereby submit to the jurisdiction of this Court for the purpose of enforcement of the Stipulated Protective Order in this action.

Date: _____    Name: _____